# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMMY JEFFERSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:21-cv-344-SRC |
| J.A. BARNHART, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon review of a pleading filed by *pro se* petitioner Sammy Jefferson, a federal prisoner. For the following reasons, the Court will construe the pleading as a Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241, and order this action transferred to the United States District Court for the District of Colorado.

Petitioner is presently incarcerated at the United States Penitentiary Florence – High, in Florence, Colorado. He initiated this action on March 18, 2021 by filing a pleading titled "Civil Rights Complaints." (ECF No. 1). However, it is apparent petitioner filed the pleading to challenge the manner in which the Federal Bureau of Prisons calculated his sentence. Petitioner avers that in August of 2015, the Honorable E. Richard Webber amended his original sentence to effectively reduce it to 200 months, but the "Federal Bureau of Prisons (FBOP) immediately increased by treatment of multiple sentence as an aggregate term . . . Term never used by Judge E. Richard Webber, increasing sentence to 207 months." *Id.* at 2. Petitioner complains "the Federal Bureau of Prisons (FBOP) analysis computation that exceeds what was authorized by his [Judgment and Commitment] thereby increasing Mr. Jefferson's sentence without any legal equitable purposes with intent to deceive in a complete miscarriage of justice." *Id.* at 4. Accordingly, while petitioner titled his pleading "Civil Rights Complaints," the Court liberally construes the pleading as a Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241.

After a federal district court imposes sentence, the Attorney General, through the Federal Bureau of Prisons, is responsible for calculating the sentence. *See U.S. v. Wilson*, 503 U.S. 329, 335 (1992). Claims regarding the manner in which the Federal Bureau of Prisons calculates prison sentences are appropriately raised under 28 U.S.C. § 2241. Jurisdiction over such a petition lies in either the district of physical confinement, or in the district in which a custodian against whom the petition is properly directed is present. *See Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004).

Petitioner is not confined within the jurisdiction of this United States District Court, and his custodian is not present here. Instead, petitioner is confined within the jurisdiction of the United States District Court for the District of Colorado, and his custodian is present there. *See* 28 U.S.C. § 85. If a district court finds it lacks jurisdiction to entertain a civil action, it may, if it is in the interest of justice, transfer such action to any other district court in which the action could have been brought. 28 U.S.C. § 1631. Upon such transfer, the action proceeds as if it had been originally filed in the district court to which it is transferred. Here, in consideration of petitioner's *pro se* status, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the District of Colorado.

Accordingly,

**IT IS HEREBY ORDERED** that that the Clerk shall **TRANSFER** this action to the United States District Court for the District of Colorado.

Dated this 15th day of April, 2021.

_SL R. CR_
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

2